UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN WILLIAMS,

    Plaintiff,

v.                                                     Case No: 8:24-cv-663-KKM-SPF

QUEST DIAGNOSTICS INCORPORATED,
and JONATHAN FISHER,

    Defendants.
_____

## ORDER

Steven Williams sued Quest Diagnostics Incorporated and Jonathan Fisher in state court on several tort theories relating to a "pat down" that Fisher allegedly gave Williams during an employer-mandated urinalysis drug test at a Quest facility. Compl. (Doc. 1-1) ¶¶ 8–33. Defendants removed the case to federal court, invoking diversity jurisdiction. Notice of Removal (NOR) (Doc. 1) ¶¶ 5–14. On review of the notice of removal, I remand the case to state court because Defendants have failed to demonstrate that the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. §§ 1332, 1447(c).

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove any case in which a federal district court would have had original

jurisdiction. *See* 28 U.S.C. § 1441(a). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Id.*

Here, Defendants fail to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Williams's complaint alleges damages in excess of $50,000. Compl. ¶ 5.[1] But that figure, definitionally, cannot carry Defendants' burden to show that over $75,000 is at stake. Defendants also repeat the complaint's substantive allegations— that Fisher "intentionally touched [Williams] in an offensive manner during an alleged 'pat down,' and either intentionally or unintentionally breached the duty to be honest with a patient by allegedly lying about a state law requiring [that Williams] be patted down prior to his urine test," NOR ¶ 10, resulting in "psychological stress, anxiety, pain and suffering, and loss of confidence, which has caused [Williams] to have to attend therapy," *id.* ¶ 11; *see also id.* ¶ 12 (discussing Quest's alleged vicarious liability for the incident). Based on

---

[1] Williams's state court civil cover sheet checked a box estimating the amount of his claim to be between $50,001 and $75,000. *See* (Doc. 1-4) at 2. Such box-checking exercises are entitled to little weight in determining whether a removing defendant has met his burden to demonstrate that the jurisdictional threshold has been met. *See, e.g., Ghadiri v. Nordstrom Rack*, No. 23-cv-1350, 2023 WL 8457403, at *2 (M.D. Fla. Nov. 28, 2023) (Mizelle, J.) (explaining that "courts generally consider checking a box on a civil cover sheet, without more, as analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000" (quotations omitted)). But to the degree that Williams's cover sheet is probative at all, there is nothing to indicate that he is seeking more than $75,000.

the above, Defendants state that they "believe the claimed amount in controversy exceeds $75,000." *Id.* ¶ 13.

But although Defendants accurately summarize the complaint, *see* Compl. ¶¶ 8–33, it is far from "facially apparent" from these allegations that the jurisdictional threshold has been met. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). At best, Defendants' statement of belief, justified as it is by a recitation of the harm Williams allegedly suffered ("psychological stress, anxiety, pain and suffering, and loss of confidence, which has caused [Williams] to have to attend therapy") is a conclusory allegation. Such allegations cannot demonstrate that the jurisdictional threshold has been met absent supporting facts. *Id.* at 1319–20 ("A conclusory allegation in the notice of removal that the [amount in controversy] is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

As Defendants have offered no other evidence in support of removal, they fail to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, I do not have subject matter jurisdiction over this case. Remand is warranted. *See* 28 U.S.C. §§ 1332, 1447(c); *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 993–94 (11th Cir. 2022) ("When a civil case has been removed from state court to federal court, a district court must remand that removed case back to state court when the district court does not have subject matter jurisdiction.").

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 14, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge